the case so far as the Justice of the Peace had proceeded in it. By the law it was made his duty to enter on the record of it, the issuing of the execution, the date and return of it, and, if any was issued it ought to show it; but it shows the reverse, and to prove it by parol proof, would be by parol proof to contradict it. The action in the case before them was not against the Justice for an omission of duty on his part by the party injured by it; but it was an action founded on an alleged issuing of the execution against the constable and his sureties. We think it would constitute a dangerous precedent to admit parol evidence of such an allegation in such a case, and we must therefore hold it to be inadmissible.

---

### Doe d. Rosalinda Cooper v. Andrew M. Biddle.

A devise in the following terms, " It is also my will and desire that my son Samuel T. be schooled, clothed and supported out of the rents of my farm until he arrives to the age of twenty-one, and then for it to be equally divided between him and Leander, and all the over-plus of rents, more than keeps him the said Samuel to be laid out in repairs and improvements on the farm, such as posts and rails, clover seed &c.," gave but a life estate in one half of the farm to Leander, notwithstanding the testator in other clauses in the will gave to his other sons " a full discharge of all accounts he had against them allowing that what he had give them and done for them in his life-time to be equal to what he had left to his other children in the will," and otherwise evinced the desire and intention to make what he supposed would be a fair and equal distribution of all his property among his several children.

Case stated in an action of ejectment at the suit of Rosalinda Cooper, formerly Rosalinda Biddle, to recover an undivided reversionary interest, or estate in one-half of a farm in New Castle County. The case stated was that Jacob Biddle by his will dated December 24th, 1823, devised as follows : " It is also my will and desire that my son Samuel T. be schooled, clothed and supported out of the rents of my farm until he arrives to the age of twenty-

one, and then for it to be equally divided between him and Leander, and all the over-plus of rents more than keeps him to be laid out in repairs and improvements on the farm, such as posts and rails, clover seed &c." A subsequent clause in the will was as follows: " I give to my sons Eli, Augustine and Alexander a full discharge of all accounts I have against them, allowing that what I have given them and done for them in my life-time to be equal to what I have left my other children in my will." The question was whether the above devise was a devise of an estate of inheritance in one-half of the farm to Leander Biddle, one of the devisees named in it, or only of an estate for his life in one-half of it.

The testator left to survive him nine children and among them the two devisees first named, Rosalinda Cooper, the plaintiff and Andrew M. Biddle, the defendant. Leander Biddle afterward sold and conveyed to Andrew M. Biddle, his heirs and assigns all his estate in the farm and was now dead.

*Spruance*, for the plaintiff, contended that the devise in question was but a devise of one-half of the farm for life to Leander Biddle and cited 2 *Powell on Devises* 377. 1 *Cowper* 235. 2 *Ibd.* 657. 8 *T. R.* 64. 2 *Doug.* 759. 3 *Harr.* 482.

*G. B. Rodney*, for the defendant: There were no words of limitation in the devise, but if there was a clear intention manifested in and throughout the will to give an estate of inheritance to the devisees mentioned in the devise, it should control the technical construction of it, even in the absence of any such terms, and be held to give to each of them one-half of the farm in fee simple. Such words were indispensably necessary in a deed to convey an estate of inheritance, or for a longer period than the life of the grantee, but the authorities and adjudged cases on the subject all showed that in devises the plain and obvious intention and desire of the testator as indicated and expressed in the whole will, unless it con-

flicts with some established and inflexible rule of technical construction, would be served and carried out by the courts, and would be interpreted to give an estate in fee without such words of limitation, if the wish and design of the testator to be inferred and ascertained from a careful consideration of the whole will, should clearly require it. 8 *Law Libr.* 64. 4 *Kent's Com.* 535. 6 *Cruise* 260. 1 *Cowp.* 238. 2 *Pr. Wms.* 194. *Amb.* 387. 8 *T. R.* 597. 2 *Ves. Sr.* 48. 1 *Salk.* 234. 1 *Cowp.* 352, 299. 17 *Johns.* 281. 6 *Binn.* 94. 14 *East* 370. Take then the present case and construe this will in the same light and spirit in which the cases just cited were ruled and decided by many of the most able and eminent judges in England, carefully considering all the other parts and provisions of it in regard to his other children in connection with the special devise in question, and particularly the subsequent clause in which the testator gives to his sons Eli, Augustine and Alexander a full discharge of all the accounts he had against them, allowing, as he adds in a very significant, if not a very appropriate phrase, that what he had given them and done for them in his lifetime, to be equal to what he had left to his other children in his will, and who could escape the conclusion and conviction that it was the manifest design and intention of the testator that not only those three sons should have no more of the estate, but that the farm devised to Samuel T. and Leander to be equally divided between them when the former attained his majority, should go to them, their heirs and assigns forever ? Unless such was the construction to be given to the devise in question, then the subsequent history of it, although not disclosed in the case stated, warranted him in saying that Leander Biddle in point of fact, took little or nothing under it, and such he was sure was not the intention of his father.

*The Court*, however, declining to hear any reply from the counsel on the other side, held that Leander Biddle took but an estate for the term of his life in one-half the farm under the devise.